UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-217 |
| | ) | |
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Malik Ja'relle Williams filed this case against the United States Equal Employment Opportunity Commission ("EEOC"). *See generally* doc. 1. His factual allegations state, in their entirety: "On July 20, 2022 a interview was scheduled with the EEOC. I the plaintiff made arrangements to attend this interview but no one attended this interview except for me. The EEOC have not replied to me about this mistake and more. This federal agency is showing willful oppression in Savannah, Georgia." *Id.* at 4. He does not allege any actual damages, but asserts "[t]he punitive damages amount I deserve is thirty billion

1

dollars." *Id.* at 5. Because Williams Complaint is entirely frivolous it should be **DISMISSED**.

The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although dismissal where a defendant has not filed an answer is not preferred, it is permissible where the complaint is "patently frivolous."[1] *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017),

---

[1] Although the frivolity of Williams' Complaint obviates any requirement that he be provided notice or an opportunity to respond, this Report and Recommendation provides such notice and the fourteen-day objection period, discussed below, provides him with an opportunity to explain why this case should not be dismissed. *See, e.g., Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that dismissal *sua sponte*, except where a complaint is frivolous, requires that the "district court . . . provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." (internal quotation marks and citation omitted)); *Shivers v. Int'l Broth. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (recognizing magistrate judge's issuance of a report and recommendation and opportunity to object provided sufficient notice and opportunity to respond to support *sua sponte* summary judgment); *Crosson v. LaSalle Bank, N.A.*, 2009 WL 10711904, at *12 (N.D. Ga. Aug. 7, 2009) ("*Sua sponte* dismissal is appropriate because . . . Plaintiff will have notice and opportunity to respond because she can object to this Report and Recommendation."), *adopted* 2009 WL 10711898 (N.D. Ga. Aug. 28, 2009).

*adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017).  As another district court has succinctly put it: "A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1983), *affirmed* 41 F.3d 1500 (Table) (2d Cir. 1994).

Even construed liberally, the Complaint is irretrievably meritless. First, the United States Equal Employment Opportunity Commission is immune from suit for monetary damages.  *See, e.g., Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009).  Second, the facts Williams alleges, while they may rise to the level of poor service, do not state a claim for relief under any discernable legal theory.[2]  Finally, if the other

---

[2] Williams' Complaint identifies three sources of law he contends are implicated by his claims:  the Ninth Amendment to the United States Constitution, 5 U.S.C. § 1101, and O.C.G.A. § 51-12-5.1.  *See* doc. 1 at 3.  The Ninth Amendment provides "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.  The Court has recognized that "it is well established that the Ninth Amendment standing alone houses no constitutional guarantees of freedom."  *Jones v. Mnuchin*, 529 F. Supp. 3d 1370, 1376 (S.D. Ga. 2021) (internal quotation marks and citation omitted).  As such, it cannot support an action for damages.  *See, e.g., Metz v. McKinley*, 583 F. Supp. 683, 688 n. 4 (S.D. Ga. 1984) (rejecting claim under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), based on alleged Ninth Amendment violation).  The federal statute he cites establishes the Office of Personnel Management.  *See* 5 U.S.C. § 1101.  It is not discernibly or plausibly implicated by the facts alleged.  Finally, the Georgia statute he cites provides for punitive damages.  *See* O.C.G.A. § 51-12-5.1.  Since Williams does not allege any claim under Georgia law, and as discussed above

defects were not sufficient to render the Complaint frivolous, the thirty-billion-dollar punitive damages award requested would violate due process. *Cf. BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 583 (1996) ("When the ratio [between punitive and compensatory damages] is a breathtaking 500 to 1 . . . the award must surely raise a suspicious judicial eyebrow." (internal quotation marks and citation omitted)). In short, the Complaint attempts to sue an entity which enjoys immunity on the basis of no discernable legal theory for damages that appear unmoored from reality. The Court should **DISMISS** the Complaint as frivolous.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

the EEOC would be immune from such claims regardless, the statute is irrelevant. *Cf. Byrne v. Nezhat*, 261 F.3d 1075, 1093 n. 34 (11th Cir. 2001) ("[A] prayer for punitive damages is not an independent cause of action."), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n. 10 (11th Cir. 2018); *Boyette v. American Intern. Adjustment Co.*, 1994 WL 156292, at *13 (N.D. Ga. Mar. 31, 1994) (declining to apply subsection of O.C.G.A. § 51-12-5.1 in a federal-question case).

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 19th day of September, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA